UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WINDELS MARX LANE & MITTENDORF, LLP
Rodman E. Honecker (rhonecker@windelsmarx.com)
Daniel F. Corrigan (dcorrigan@windelsmarx.com)
120 ALBANY STREET PLAZA
NEW BRUNSWICK, NEW JERSEY 08901
Attorneys for Plaintiff Top & Top Enterprise, Ltd.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

TOP & TOP ENTERPRISE, LTD,         :

                          :

              Plaintiff,    :   Civil Action No. _____

                          :

          v.            :

                          :

VENUS ACCESSORY CORP.,        :

                          :

           Defendant.   :

                          :

                          :

                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT AND JURY DEMAND

Plaintiff Top & Top Enterprise, LTD, a New York corporation engaged in the business of importation, distribution and sales of accessories, custom jewelry, cosmetics and beauty supplies, with a principal place of business at 1239 Broadway, Suite 700, City, County and State of New York, 10001 ("Plaintiff"), by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, complaining of defendant Venus Accessory Corp., a New Jersey corporation engaged in the business of importation, distribution and sales of accessories, custom jewelry, cosmetics and beauty supplies with a principal place of business at 376 12th Street, borough of Cresskill, County of Bergen, State of New Jersey, 07626 ("Venus" or "Defendant"), states as follows:

{40801371:5}

## NATURE OF ACTION

1.     This is an action for Copyright Infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.,   trademark infringement under the Lanham Act, 15 U.S.C. §1114, for state and common law trademark infringement, and for unfair competition. Plaintiff seeks all available statutory damages, including but not limited to compensatory, consequential, and punitive damages, reimbursement of attorneys' fees and costs, and such other relief as the Court may deem equitable and just.

2.     Plaintiff is a New York corporation focusing primarily on the importation, distribution and sales of accessories, custom jewelry, cosmetics and beauty supplies.

3.     Plaintiff owns two United States Copyrights for photos for use on its product labeling under Certificate of Registration Number VA0002142985 effective date March 19, 2019 and Certificate of Registration Number VA0002143267 effective date March 19, 2019 attached herewith as **Exhibits A** and **B**, respectively (the "Copyrighted Images").

4.     Pursuant to 17 U.S.C. §410, the registration certificates for the Copyrighted Images are prima facie evidence of the validity of the registration, of Plaintiff's ownership of the registered copyright, and of Plaintiff's exclusive right to use the Copyrighted Images in commerce in connection with the services specified in the registration certificate.

5.     Plaintiff has developed a package design, aesthetic appearance and trade dress for various products at considerable expense in time and resources.   Defendant has unlawfully appropriated Plaintiff's trade dress for its own products.

6.     Plaintiff brings this action against Defendant, Venus Accessory Corp., that is engaged in the same industry as Plaintiff, which is the business of importing, distributing and selling of accessories, custom jewelry, cosmetics and beauty supplies, for its willful violation of

Plaintiff's rights in the Copyrighted Images as well as its use of Plaintiff's distinctive trade dress for Defendant's own products.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action under 17 U.S.C. §§501 et seq, 15 U.S.C. §§1116 and 1121 and under 28 U.S.C. §§1331 and 1338.

8.     This Court has supplemental jurisdiction over the State law claims set forth herein under 28 U.S.C. §§1338(b) and 1367(a).

9.     Defendant is subject to personal jurisdiction in this District because Defendant is a New Jersey citizen and conducts and solicits business in New Jersey and has substantial contacts within this District.

10.     Venue properly lies in this judicial district under 28 U.S.C. §1391(b), in that Defendant is a New Jersey corporation and has its principal place of business in New Jersey, and a substantial part of the events giving rise to this action and has occurred here and continues to occur here, and in that Defendant is subject to personal jurisdiction here and resides here under 28 U.S.C. §1391(c) because Defendant is a citizen of New Jersey and also conducts and solicits business in this District and has substantial contacts within this District.

## PARTIES

11.     Plaintiff Top & Top Enterprise, LTD, is a New York corporation with a principal place of business at 1239 Broadway, Suite 700, City, County and State of New York, 10001, and is engaged in the business of importation, distribution and sales of accessories, custom jewelry, cosmetics and beauty supplies.

12.     Defendant Venus Accessory Corp., is a New Jersey corporation with a principal place of business at 376 12th Street, borough of Cresskill, County of Bergen, State of New Jersey, 07626 and additional business address at 170 Kenneth St., Hackensack, County of

Bergen, State of New Jersey 07601, doing business under the "Chloe" brand, engaged in the business of importing, distributing, and selling of accessories, custom jewelry, cosmetics and beauty supplies.

## COUNT ONE
### (Infringement of Federally Registered Copyright;
### Copyright Act, 15 U.S.C §§106 et seq.)

13.     On or about March 21, 2017 photographs of a model were taken on behalf of Plaintiff for future use in advertising and packaging of products sold by Plaintiff (the "Model Photograph").

14.     The original photograph taken was further modified electronically and changed by employees of Plaintiff between March 2017 and July 2018 to create a new image that was also for use in advertising and packaging of products sold by Plaintiff (the "Model with Headwrap Image") (collectively the Model Photograph and the Models with Headwrap Image are referred to as the "Copyrighted Images").

15.     Plaintiff complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration of the Model Photograph on March 19, 2019, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VA0002142985, dated March 19, 2019, a copy of which is attached herewith as **Exhibit C** and incorporated by this reference. Publication was made with notice in strict and full compliance with the federal Copyright Act of 1976.

16.     Plaintiff complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration of the Model with Headwrap Image on March 19, 2019, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No.VA0002143267, dated March 19, 2019,

a copy of which is attached herewith as **Exhibit D** and incorporated by this reference. Publication was made with notice in strict and full compliance with the federal Copyright Act of 1976.

17.     Since July 2018, the Copyrighted Images have been published by Plaintiff, and all copies of the images made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

18.     Since the creation of each of the Copyrighted Images, Plaintiff has been and still is the sole owner of all right, title and interest in and to the copyright in such works.

19.     At  least  since  November  1,  2018,  Defendant infringed the   above mentioned copyrights by copying the Copyrighted Images and placing the Copyrighted Images on packaging for Defendant's own products in the market.   A copy of one of Defendant's infringing product labels containing the copied Copyrighted Images (the "Infringing Image") is attached herewith as **Exhibit E**.

20.     Defendant's  products  featuring  the  Infringing  Image  directly  compete  with Plaintiff's products that feature the Copyrighted Images.

21.     Plaintiff  has  notified  Defendant  that  Defendant  has infringed the copyright of Plaintiff, and  demanded  that  Defendant  cease  its  infringement.    Defendant  has  continued to infringe the copyright.

22.     At least since November 1, 2018 Defendant has been selling products containing the Infringing Image on the product label and has thereby been engaged in unfair trade practices and  unfair  competition  against  Plaintiff  to  Plaintiff's  irreparable  damage,  which  cannot  be adequately calculated or compensated in money damages.

23.     Upon information and belief, Defendant has produced, reproduced, prepared derivative works based upon, distributed and publicly displayed Plaintiff's protected work without Plaintiff's consent.   Defendant's acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§106 and 501, including Plaintiff's exclusive right to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

24.     Defendant's infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted work.   Defendant has failed to exercise its right and ability to supervise persons within its control to prevent infringement, and it did so with intent to further its financial interest in the infringement of the Copyrighted Images. Accordingly, Defendant has directly, contributorily, and vicariously infringed Plaintiff's copyrighted work.

25.     As a result of Defendant's actions, Plaintiff has suffered damages.

26.     Because of Defendant's infringing acts, Plaintiff is entitled to its actual damages and Defendant's profits attributable to these infringing acts in an amount to be proved at trial, and other relief allowed under the Copyright Act.

## COUNT TWO
### (Infringement of Plaintiff's Trade Dress;
### Lanham Act, 15 U.S.C §1125)

27.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 26 as if fully set forth herein.

28.     This Count, arising under Section 32 of the Lanham Act, 15 U.S.C. §1125, is for infringement of Plaintiff's trade dress.

a.     **Development of Plaintiff's The Pastel Shop Cosmetic Facial Mask and Make Up Remover Towelettes Trade Dress and Plaintiff's AB Ana Beauty Headwraps Trade Dress**

29.     Plaintiff has been engaged in the business of importation, distribution and sales of accessories, custom jewelry, cosmetics and beauty supplies since 2015.

30.     Plaintiff's trade dress packaging for its The Pastel Shop Cosmetic Facial Masks and Make Up Remover Towelettes and AB Ana Beauty Headwraps was the result of thorough design and development over many months.

31.     Plaintiff engaged design professionals internally and through third-party design firms to design and implement the distinctive trade dress used for the packaging of its line of Cosmetic Facial Masks.  Large amounts of time, money and company resources were expended in this endeavor.  Examples of the trade dress for Plaintiff's The Pastel Shop Cosmetic Facial Masks is attached herewith as **Exhibit F.**

32.     The distinctive elements of the trade dress Plaintiff's The Pastel Shop Cosmetic Facial Masks include: placement of photograph of model featuring pulled back dark hair with mask partially peeled from bottom left side of face, superimposed brand name over model photograph on front of packaging, repeated brand name at top of front side of packaging, and the coloring of packaging to match the type of mask (e.g. gold colored box for the gold mask).

33.     Similarly, Plaintiff also expended time, money and resources in developing the distinctive design and packaging for its line of Make Up Remover Towelettes.  Examples of the trade dress for Plaintiff's The Pastel Shop Make Up Remover Towelettes is attached herewith as **Exhibit G.**

34.     The distinctive elements of the trade dress Plaintiff's The Pastel Shop Make Up Remover Towelettes include: stylized broken line outlining label area on front package;  stylized display of fragrance ingredient (e.g. lavender flowers, cucumber slices, etc) inside broken line outline area on front label; drawn image of woman's face with pulled back dark hair on lower

portion of broken line outline area on front label front;  repeated brand name at top of front side of packaging; the coloring of packaging to match the type fragrance towelette ingredient (e.g. purple package for lavender fragrance towelette, yellow package for honey fragrance towelette; green package for cucumber fragrance towelette, etc.).

35.     Plaintiff engaged photographers and internal design professionals to design and implement the distinctive trade dress used for the packaging of its AB Ana Beauty line of Headwraps.   Large amounts of time, money and company resources were expended in this endeavor.   Examples of the trade dress for Plaintiff's AB Ana Beauty line of Headwraps is attached herewith as **Exhibit H.**

36.     The distinctive element of the trade dress Plaintiff's AB Ana Beauty Headwraps included central display of the Copyrighted Images (see exhibits A & B) on the packaging.

37.     Plaintiff first used the distinctive trade dress for The Pastel Shop Cosmetic Facial Masks on packaging of products for sale in the United States on May 22, 2017.

38.     Plaintiff first used the distinctive trade dress for The Pastel Shop Make Up Remover Towelettes on packaging of products for sale in the United States on March 13, 2017.

39.     Plaintiff first used the distinctive trade dress for AB Ana Beauty Headwraps on packaging of products for sale in the United States in July 2018.

40.     Plaintiff's sales of The Pastel Shop Facial Masks and Make Up Remover Towelettes and AB Ana Beauty Headwraps are made throughout the United States of America.

41.     The distinctive trade dress for The Pastel Shop Facial Masks and Make Up Remover Towelettes and AB Ana Beauty Headwraps are non-functional.

42.     As a result of years of use and extensive sales of products of the highest quality, complemented by advertising and promotion, the trade dress for Plaintiff's The Pastel Shop Facial Masks and Make Up Remover Towelettes and AB Ana Beauty Headwraps has come to be

recognized by consumers as exclusively identifying Plaintiff's products of the highest quality originating exclusively from Plaintiff.

43.     Plaintiff has expended significant resources promoting its products and the exclusive aesthetic appearance of its trade dress associated with its The Pastel Shop brand Facial Masks and Make Up Remover Towelettes and AB Ana Beauty Headwraps.  In the beauty supply market, retail outlets and consumers are aware of Plaintiff's aesthetic trade dress and associate said trade dress with Plaintiff's products.  Accordingly, the aesthetic appearance of Plaintiff's trade dress has an inherently distinctive trade dress, or in the alternative, an acquired distinctive trade dress, in the relevant marketplace.

44.     Moreover, as a result of the above, consumers have come to recognize that packaging featuring the same or similar trade dress as Plaintiff's is an extension of Plaintiff's trade dress designating beauty supplies of the highest quality originating exclusively from Plaintiff.

**b.     Defendant's Unauthorized Adoption of Plaintiff's The Pastel Shop Cosmetic Facial Mask and Make Up Remover Towelettes and AB Ana Beauty Headwraps Trade Dress**

45.     It came to Plaintiff's attention that Defendant's products, including a facial mask, make up removing towelette and headwraps, featured trade dress nearly identical to Plaintiff's trade dress were placed on the market after Plaintiff's products had been brought to market. Examples of Defendants' infringing trade dress for facial masks, make up removing towelette and headwraps is attached herewith as **Exhibit I, J** and **E** respectively.

46.     As Defendant's actions constituted a clear violation of the trade dress rights held by Plaintiff, Plaintiff's counsel wrote a cease and desist letter to Defendant.  Plaintiff demanded that Defendant cease and desist from using the infringing trade dress in connection with sales of beauty supplies.

47.     Discussions between the parties' counsel followed, although no compromise was reached.  Defendant has refused to cease and desist, and has continued its infringement.

**c.     Likelihood of Confusion and Actual Confusion**

48.     Plaintiff and Defendant's products are similar and move through similar channels of trade to similar classes of businesses and consumers, and Plaintiff and Defendant are in direct competition with respect to their products.

49.     Defendant's trade dress is so similar to Plaintiff's as to be likely to cause confusion, mistake or deception as to the source or origin of Defendant's products, in that the public and others are likely to believe that Defendant's products are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with Plaintiff, to Plaintiff's irreparable harm.

50.     Actual confusion has already occurred.  On at least one occasion, Plaintiff was contacted by a consumer harmed after applying Defendant's beauty product.  The harmed consumer demanded a refund from Plaintiff because the believed that the Defendant's sub-standard product had originated from Plaintiff.

51.     On other occasions, the fact that Defendant's products originate from the Peoples Republic of China, which has a reputation in the beauty products industry for inferior quality, has harmed Plaintiff's brand.  Plaintiff's products are all sourced from the Republic of Korea which has a reputation in the beauty products industry for superior quality.  Consumers have complained to Plaintiff that Plaintiff began to sell an inferior product originating from China when the offending product was actually sold by Defendant.

52.     Defendant, by the foregoing acts and others, has willfully and knowingly violated and infringed and threatened to further infringe the rights of Plaintiff to its federally registered service mark in violation of section 32 of the Lanham Act, 15 U.S.C. §1125, with the intention of

deceiving and misleading the retail beauty supply community, as well as the public-at-large, and wrongfully trading on the goodwill and reputation of Plaintiff.

53.     By its tortious acts, Defendant has caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damages to Plaintiff and to the goodwill associated with Plaintiff's trade dress.

## COUNT THREE
### (New Jersey Unfair Competition; N.J.S.A. 56:4-1, et seq.)

54.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 53 as if fully set forth herein.

55.     Defendant's use of the infringing trade dress in connection with distribution and sale of beauty supplies causes a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval, affiliation, connection, and association of those products.   Defendant's foregoing acts constitute deceptive trade practices and unfair competition in the conduct of trade and commerce in violation of state law, including New Jersey Statute §56:4-1, et seq.

56.     Upon information and belief, Defendant's foregoing acts have been, and continue to be, willful and deliberate, and have caused Plaintiff damages.

57.     Defendant's foregoing acts have cause Plaintiff damages.

## COUNT FOUR
### (Common Law Trademark, Service Mark and Trade Name Infringement and Unfair Competition)

58.     Plaintiff repeats the allegations set forth in Paragraph 1 through 57 as if fully set forth herein.

59.     Defendant's aforesaid activities constitute unfair competition and an infringement of Plaintiff's common law trade name, trade dress and mark owned by Plaintiff as referred to herein, and have caused Plaintiff damages.

## COUNT FIVE
### (Unfair Competition Under 15 U.S.C. 15 U.S.C §1125(a))

60.     Plaintiff repeats the allegations set forth in Paragraph 1 through 59 as if fully set forth herein.

61.     Plaintiff has expended significant resources promoting its The Pastel Shop brand Cosmetic Facial Masks and Make Up Remover Towelettes and AB Ana Beauty Headwraps featuring the aesthetic appearance of the trade dress therein.  In view of the associated niche market, many persons in the beauty supply industry are aware of Plaintiff's distinctive trade dress.

62.     Defendant's actions regarding the use of infringing trade dress, as described herein, are likely to have misled, and will continue to mislead many persons in the beauty supply industry to believe Defendant received permission, license, or other consent from Plaintiff to make, use, sell, offer for sale, or import into the United States, the products featuring the infringing trade dress.

63.     Defendant's use of the infringing trade dress through sale, offering for sale, and the like, is likely to deceive relevant retail outlets and consumers in the beauty supply industry as to Defendant's affiliation with Plaintiff or as to a sponsorship or an approval of the products featuring the infringing trade dress by Plaintiff.

64.     As a result of the Defendant's actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties and other damages as set forth herein.

## COUNT SIX
### (Unfair Competition Under New Jersey Common Law)

65.     Plaintiff repeats the allegations set forth in Paragraph 1 through 64 as if fully set forth herein.

{40801371:5}

-12-

66.     Defendant's aforesaid activities constitute unfair competition and unfair business practices contrary to the common law of New Jersey.

67.     As a result of the Defendant's actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties and other damages as set forth herein.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      That Defendant, its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendant, and each and all of them, be  preliminarily and permanently enjoined and restrained from directly or indirectly:

1)      Using trade dress confusingly similar to Plaintiff's trade dress in connection with the advertising, promotion, offering, distribution or sales of cosmetics and beauty supplies;

2)      Holding themselves out as the owners of, or otherwise authorized to use the trade dress in connection with distribution or sales of cosmetics and beauty supplies;

3)      Performing any actions or using any words, names, styles, titles, marks, or trade dress which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or in some way connected, or that Plaintiff is sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendant originate with Plaintiff, or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendant with Plaintiff.

4)      Using any words, names, styles, titles, marks or trade dress which create a likelihood of injury to the business reputation of Plaintiff or a likelihood of dilution of Plaintiff's trade dress and the goodwill associated therewith.

5)      Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining thereto.

B.      Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and Defendant's unfair trade practices and unfair competition, and to account for:

1)      All gains, profits and advantages derived by Defendant through such trade practices and unfair competition; and

2)      All gains, profits and advantages derived by Defendant through Defendant's infringement of Plaintiff's copyright, or such damages as to the Court shall appear proper within the provisions of the copyright statutes.

C.      That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights as aforesaid.

D.      That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by it from the activities herein complained of.

E.      That Defendant be required to deliver up for destruction all product packaging, signs, advertisements, brochures, promotional materials and other written materials which bear the infringing trade dress or any other trade dress confusingly similar to Plaintiff's, together with all plates, molds, matrices and other means and materials for making or reproducing same.

F.      That Defendant be required to pay to Plaintiff all of its litigation expenses including reasonable attorneys' fees and the costs of this action.

G.    Awarding Plaintiff such other and further relief as the Court may deem equitable

and just.

WINDELS MARX LANE & MITTENDORF, LLP
Attorneys for Plaintiff Top & Top Enterprise, Ltd.

By:_____
    Rodman E. Honecker (rhonecker@windelsmarx.com)
    Daniel F. Corrigan (dcorrigan@windelsmarx.com)

120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone:  (732) 846-7600
Facsimile:    (732) 846-8877

Dated:  April 9, 2019

## JURY DEMAND

Plaintiff demands a jury trial upon all issues so triable.

Dated: April 9, 2019

By:_____
    Rodman E. Honecker (rhonecker@windelsmarx.com)
    Daniel F. Corrigan (dcorrigan@windelsmarx.com)

120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone:  (732) 846-7600
Facsimile:    (732) 846-8877

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true.  If any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 9, 2019

_____
Rodman Honecker

## F.R. CIV. P. RULE 7.1(a) DISCLOSUSRE

Plaintiff avers that it has no parent corporation and there is no publicly held corporation that owns 10% or more of its stocks.

Dated: April 9, 2019

_____
Rodman Honecker

{40801371:5}                                    -16-